IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARCIA ROBAN, an individual,

    Plaintiff,

vs.

MARINOSCI LAW GROUP, P.C., P.A.,
a Rhode Island professional corporation,
and DEUTSCHE BANK NATIONAL
TRUST COMPANY, a Delaware
corporation,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Marcia Roban, an individual, sues Defendants, Marinosci Law Group, P.C., P.A., a Rhode Island professional corporation, and Deutsche Bank National Trust Company, a Delaware corporation, and alleges:

## I. PRELIMINARY STATEMENT

1.     This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statute §559.551, *et sequi*, known more commonly as the Florida Consumer Collection Practices Act ("FCCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.      The jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201-2202.

## III. ALLEGATIONS AS TO PARTIES

3.      At all times material hereto, Plaintiff, Marcia Roban ("Ms. Roban"), was *sui juris* and a resident of Broward County, Florida.

4.      At all times material hereto, Defendant, Marinosci Law Group, P.C., P.A. ("Collection Law Firm"), was a Rhode Island professional corporation doing business in Broward County, Florida.

5.      At all times material hereto, Defendant, Deutsche Bank National Trust Company ("Deutsche Bank"), was a Delaware corporation doing business in Broward County, Florida.

6.      At all times material hereto, Ms. Roban was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

7.      At all times material hereto, Defendants were "debt collectors" as said term is defined under 15 U.S.C. §1692a(6). *See, e.g. Bridge v. Ocwen Federal Bank*, FSB, 681 F.3d 355 (6th Cir. 2012).

8.      At all times material hereto, Defendants are or were engaged in the collection of consumer debts using the mail or telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another.

## IV. FACTUAL ALLEGATIONS

### A. Description of Consumer Debt

9.      On or about August 19, 2005, Ms. Roban purportedly executed and delivered to

Countrywide Home Loans, Inc. ("Countrywide") a promissory note ("Roban Promissory Note") and a mortgage ("Roban Mortgage") securing payment of the Roban Promissory Note.

10. The Roban Mortgage purportedly encumbered the residence of Ms. Roban at 1900 Van Buren Street, Unit 110, Hollywood, Florida 33020 ("Roban Residence").

11. Under the Roban Promissory Note, Ms. Roban as a consumer was required to pay money to Countrywide or its assignee on a monthly basis under the terms and provisions as more fully set forth herein. The purported obligation to pay money under the Roban Promissory Note arose from a transaction to purchase the Roban Residence, which was used by Ms. Roban for personal, family and household purposes (i.e., Ms. Roban lived at the Roban Residence).

### B. Description of Unlawful Collection Activity

#### 1. Initial Collection Activity

12. Subsequent to entry into the Roban Mortgage, Ms. Roban - like many Americans during the recent recession - became delinquent in the payment of her obligation under the Roban Mortgage and Roban Note.

13. On or about January 31, 2008, Countrywide filed or caused to be filed a civil action to foreclose on the Roban Mortgage in that certain case styled "*Countrywide Home Loans v. Marcia R. Roban, et al.*, Circuit Court, 17th Judicial Circuit, in and for Broward County, Florida, Case No.:CACE-08-004419" ("Initial Roban Mortgage Foreclosure Proceeding").

14. The Initial Roban Mortgage Foreclosure Proceeding was dismissed without prejudice on or about May 21, 2008.

15. Subsequent to the dismissal of the Initial Roban Mortgage Foreclosure Proceeding, the Roban Mortgage and Roban Note (collectively the "Roban Loan") were

purportedly assigned and/or transferred to a third party, Deutsche Bank.

16. The Roban Loan was assigned and/or transferred to Deutsche Bank after the Roban Loan purportedly was in default.

17. Subsequent to the transfer and/or assignment of the Roban Loan, Deutsche Bank otherwise employed the Collection Law Firm for the purpose of collecting monies purportedly owed under the Roban Promissory Note.

### 2. Filing of Time-Barred Lawsuit

18. On or about February 20, 2013, Defendants filed or caused to be filed a civil action to foreclose the Roban Mortgage in that certain case styled "*Deutsche Bank National Trust Company, as Trustee for the Holders of Morgan Stanley Mortgage Loan Trust 2005-6AR v. Marcia Roban, et al.;*" in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. Case No.:13-04511 (11) ("Second Roban Mortgage Foreclosure Proceeding").

19. A true and correct copy of the Summons, Complaint and Notice of Lis Pendens with exhibits and attachments thereto (hereinafter collectively referred to as Composite "A") is attached hereto.

20. The Second Roban Mortgage Foreclosure Proceeding constitutes an attempt on the part of the Defendants to collect a debt purportedly owed by Ms. Roban under the Roban Note. In particular, the Complaint in the Second Roban Mortgage Foreclosure Proceeding provides *inter alia* as follows with respect to the collection of a debt:

- "Plaintiff declares the full amount payable under the Note and Mortgage to be due" (Complaint - ¶8).

- "There is now due, owing, and unpaid to Plaintiff herein One Hundred Ninety Thousand Nine Hundred Twenty and 92/100 DOLLARS ($190,920.02) on principal of said Note and Mortgage, plus interest from August 1, 2007, and title

search expenses for ascertaining necessary parties to this suit, escrow shortage, advances, late fees, costs and attorney's fees" (Complaint - ¶10).

21. Pursuant to the Complaint in the Second Roban Mortgage Foreclosure Proceeding, Defendants specifically requested a monetary judgment as part of the relief sought in the Second Roban Mortgage Foreclosure Proceeding:

> WHEREFORE, Plaintiff prays: That an accounting may be had and taken under the direction of this Court of what is due the Plaintiff for principal and interest on said mortgage and note, and for the cost, charges and expenses, including attorney's fees and title search cost, and advancements which Plaintiff may be put to or incur in and about this suit, and that the Defendant(s) found responsible for same be ordered to pay the Plaintiff herein the amount so found to be due it; that in default of such payments, all right, title, interest, claim, demand, or equity of redemption of the Defendants and all other persons claiming by, through, under or against said Defendants since the filing of the Lis Pendens herein be absolutely barred and foreclosed and that said mortgaged property be sold under the direction of this Court; that out of the proceeds of said sale, the amounts due the Plaintiff may be paid so far as same will suffice; **and that a deficiency judgment be entered if applicable** and only in the event no Order of Discharge of Personal Liability in Bankruptcy has been entered as to any of the Defendants who signed the subject note and mortgage and a rite of possession be issued.
>
> (emphasis added by Plaintiff)

22. The Collection Law Firm did not communicate with Ms. Roban concerning the debt represented by the Roban Loan prior to the filing of the Second Roban Mortgage Foreclosure Proceeding.

23. On or about December 30, 2013, the Court having jurisdiction of the Second Roban Mortgage Foreclosure Proceeding entered an Order granting summary judgment in favor of Ms. Roban ("Summary Judgment Order").

24. Pursuant to the Summary Judgment Order, the Court having jurisdiction of the Second Roban Mortgage Foreclosure Proceeding determined *inter alia* that the Second Roban Mortgage Foreclosure Proceeding was barred by operation of the applicable statute of limitations

under Chapter 95, Florida Statutes.

25. At the time the Second Roban Mortgage Foreclosure Proceeding was filed, the Defendants knew that the debt represented by the Roban Note was not enforceable through a judicial proceeding by operation of the applicable statute of limitations under Chapter 95, Florida Statutes.

### 3. Use of Non-Compliant Disclosure of FDCPA Validation Rights

26. The Collection Law Firm attached as an exhibit to the Complaint in the Second Roban Mortgage Foreclosure Proceeding a document entitled "Notice Required by the Fair Debt Collection Practices Act" ("FDCPA Validation Notice").

27. A true and correct copy of the FDCPA Validation Notice is attached hereto and incorporated by reference as Exhibit "B."

28. The FDCPA Validation Notice failed to provide complete and accurate disclosures mandated by the FDCPA, including:

- the amount of the debt as required under 15 U.S.C. §1692g(a)(1);
- the name of the creditor to whom a debt was owed as required under 15 U.S.C. §1692g(a)(2); and
- the right of consumers with respect to disputing consumer debts as required under 15 U.S.C. §1692g(a)(3) insofar as the Collection Law Firm required that the consumer dispute the debt in writing.

### 4. Post-Complaint Filings in the Second Roban Mortgage Foreclosure Proceeding

29. Subsequent to service of the Complaint in the Second Roban Mortgage Foreclosure Proceeding, the Collection Law Firm sent or caused to be sent to Ms. Roban through

her counsel various papers which were filed in the Second Roban Mortgage Foreclosure Proceeding ("Post-Complaint Filings").

30. The Post-Complaint Filings included *inter alia* a Notice of Non-Jury Trial filed in the Second Roban Mortgage Foreclosure Proceeding on October 15, 2013.

31. A true and correct copy of the Notice for Trial is attached hereto and incorporated herein by reference as Exhibit "C."

32. Since the service of the Complaint in the Second Roban Mortgage Foreclosure Proceeding, notwithstanding communications with Ms. Roban in the form of the Post-Complaint Filings, the Collection Law Firm did not provide Ms. Roban with written notice providing Ms. Roban as a consumer with the information mandated under 15 U.S.C. §1692g(a).

33. By information and belief, the Collection Law Firm erroneously viewed the FDCPA Validation Notice as satisfying the requirements of 15 U.S.C. §1692g(a). Accordingly, the Collection Law Firm did not send any prior or subsequent written notice or disclosure of the statutorily mandated information under 15 U.S.C. §1692g to Ms. Roban.

34. In the event the FDCPA Validation Notice is held to be the "initial communication" for purposes of 15 U.S.C. §1692g(a), it is or was the policy and practice of Defendant to send notices in the form or substantially similar form as Exhibit "B" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to informing consumers as to

- the amount of the debt as required under 15 U.S.C. §1692g(a)(1);
- the name of the creditor to whom a debt was owed as required under 15 U.S.C. §1692g(a)(2); and

- the rights of consumers with respect to disputing consumer debts as required under 15 U.S.C. §1692g(a)(3).

35. In the event the FDCPA Validation Notice is not held to be the "initial communication" for purposes of 15 U.S.C. §1692g(a), it is or was the practice of Defendants not to send consumers such as Ms. Roban a written notice as part of its communications to collect consumer debts with respect to informing consumers as to:

- the amount of the debt as required under 15 U.S.C. §1692g(a)(1);
- the name of the creditor to whom a debt was owed as required under 15 U.S.C. §1692g(a)(2);
- a statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector as required under 15 U.S.C. §1692g(a)(3);
- a statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector as required under 15 U.S.C. §1692g(a)(4); and
- a statement that upon the consumer's written request within the thirty day period, the debt collector will provide the

consumer with the name and address of the original creditor, if different from the current creditor as required under 15 U.S.C. §1692g(a)(5).

## COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)

36. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

37. Ms. Roban realleges and reaffirms the allegations contained in Paragraphs 1 through 35 above as if set forth hereat in full.

38. As more particularly described above, the conduct of Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.§1692 *et sequi*, including but not limited to:

    a. the use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e, e(2)(A) and e(10);

    b. the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and

    c. the failure to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g.

39. As a direct and proximate result of the violation of the FDCPA by Defendants, Ms. Roban has been damaged. The damages of Ms. Roban include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

40. Pursuant to 15 U.S.C. §1692k, Ms. Roban is entitled to recover actual and

statutory damages, together with court costs and reasonable attorneys fees.

41. Ms. Roban has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Marcia Roban, an individual, requests judgment be entered in her favor against Defendants, Marinosci Law Group, P.C., P.A., a Rhode Island professional corporation, and Deutsche Bank National Trust Company, a Delaware corporation, for:

A. Actual and statutory damages pursuant to 15 U.S.C. §1692k;

B. Costs and reasonable attorneys fees pursuant to 15 U.S.C. §1692k; and

C. Such other and further relief as this Court may deem just and equitable.

## COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

43. Ms. Roban realleges and reaffirms the allegations contained in Paragraphs 1 through 35 above as if set forth hereat in full.

44. At all times material hereto, the monies purportedly owed under the Roban Loan constituted a "debt" or "consumer debt" as said terms are defined under Florida Statute §559.55(1).

45. At all times material hereto, Ms. Roban was a "debtor" or "consumer debtor" as said terms are defined under Florida Statute §559.55(2).

46. At all times material hereto, Deutsche Bank was a "creditor" as said term is defined under Florida Statute §559.55(3).

47. At all times material hereto, Defendants were "debt collector(s)" as said term is

defined under Florida Statute §559.55(6).

48. As more particularly described above, Defendants have violated the FCCPA in that :

   a. Defendants have willfully engaged in conduct which can reasonably be expected to abuse or harass Ms. Roban in contravention of Florida Statute §559.72(7); and

   b. Defendants claimed, attempted or threatened to enforce a debt when Defendants knew the debt was not legitimate or asserted the existence of some other legal right when Defendants knew the right did not exist, in contravention of Florida Statute §559.72(9).

49. As a direct and proximate result of the violation of the FCCPA by Defendants, Ms. Roban has been damaged. The damages of Ms. Roban include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

50. Ms. Roban has retained the undersigned law firm to represent her interest herein.

51. Pursuant to Florida Statute §559.77, Ms. Roban is entitled to recover actual damages together with additional statutory damages up to $1,000.00, with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Marcia Roban, an individual, demands judgment for statutory, actual and punitive damages against Defendants, Marinosci Law Group, P.C., P.A., a Rhode Island professional corporation, and Deutsche Bank National Trust Company, a Delaware corporation, together with interest, costs and attorneys pursuant to Florida Statute §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Marcia Roban, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
E-mail:rphyu@aol.com