United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Marcia Roban, Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 14-60296-Civ-Scola |
| Marinosci Law Group, and others, | ) |
| Defendants | ) |

## Order Denying Defendants' Motions to Dismiss

Plaintiff Marcia Roban filed this action alleging that Defendants Marinosci Law Group, P.C. (Marinosci Law) and Deutsche Bank National Trust Company (Deutsche Bank) violated the Federal Debt Collection Practices Act (FDCPA) by knowingly filing a time-barred foreclosure action. (ECF No. 21.) Deutsche Bank and Marinosci Law have filed separate, but identical, Motions to Dismiss Roban's Amended Complaint. (ECF Nos. 25, 26.) For the reasons set forth below, the Court **denies** the Motions (ECF Nos. 25, 26).

### 1. Background[1]

Roban executed a promissory note and mortgage with Countrywide Home Loans, Inc. (Countrywide) in August 2005. (ECF No. 21, ¶ 9.) After Roban defaulted on her payments, Countrywide filed a foreclosure action in state court. (*Id.* ¶ 12.) The court dismissed the action without prejudice. (*Id.* ¶ 13.)

Subsequently, Roban's mortgage and note were assigned to Deutsche Bank. Deutsche Bank then employed Marinosci Law to collect the debt owed on the note. (*Id.* ¶¶ 15–17.) In February 2013, Deutsche Bank, represented by Marinosci Law, brought a second foreclosure action against Roban. (*Id.* ¶ 18.) In addition to seeking foreclosure of the property, the action sought a deficiency judgment if the foreclosure sale produced insufficient funds to pay the underlying mortgage in full. (ECF No. 21-1, at 7.) The court ultimately dismissed the suit because it was barred by the applicable statute of limitations. (ECF No. 21 ¶¶ 22, 23.)

### 2. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all of a complaint's well-pled factual allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v.*

---

[1] The Court accepts as true the facts pled in the Amended Complaint. *Cf. Beck v. Deloitte & Touche,* 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

*McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Though the rule does not require detailed factual allegations, it does require "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets, internal citation, and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* So a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will be dismissed. *Id.*

Faced with a motion to dismiss, a court should therefore "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotation marks omitted). Moreover, "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (brackets and internal quotation marks omitted). "This is a stricter standard than the Supreme Court described in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010) (internal quotation marks omitted). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011).

### 3. Analysis

Deutsche Bank and Marinosci Law argue that the Amended Complaint should be dismissed for four reasons. They claim that: 1) filing a foreclosure action is not debt collection under the FDCPA; 2) they are immune from suit under the *Noerr-Pennington* doctrine; 3) the complaint is barred by *res judicata*; and 4) Roban's FDCPA claims should have been filed as a compulsory counterclaim in the state court foreclosure action. The Court will address each in turn.

### A. The state court foreclosure action was an attempt to collect a debt under the FDCPA

A mortgage foreclosure action that also seeks payment on the underlying promissory note is debt collection for the purposes of the FDCPA. *Freire v. Aldridge Connors, LLP*, No. 13-62069-CV, 2014 WL 407357, at *2 (S.D. Fla. Feb. 4, 2014) (Hurley, J.) ("[I]n the Eleventh Circuit, the filing of a mortgage foreclosure action will constitute debt collection activity only when the complaint seeks also to collect on the note . . . ."); *Battle v. Gladstone Law Grp., P.A.*, 951 F. Supp. 2d 1310, 1313 (S.D. Fla. 2013) (Martinez, J.) (filing a complaint seeking mortgage foreclosure and payment on a promissory note is debt collection under the FDCPA); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012) ("The promissory note is a debt within the plain language of the [FDCPA].").

Deutsche Bank's foreclosure complaint sought collection on "what is due . . . for principle and interest on said mortgage and note," and prayed that a "deficiency judgment be entered if applicable." (ECF No. 21-1, at 7.) Because the foreclosure action sought "also to collect on the note, that is, to 'demand payment on the underlying debt,'" Deutsche Bank and Marinosci Law engaged in a debt collection activity under the FDCPA. *Freire*, 2014 WL 407357, at *2 (quoting *Reese*, 678 F.3d at 1217).

### B. The *Noerr-Pennington* doctrine does not apply

The *Noerr-Pennington* doctrine protects the First Amendment guarantee of the right of the people to petition the government. Under the doctrine, those who petition the government, including the courts, for redress are "generally immune from antitrust liability." *Prof'l Real Estate Invs., Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 56 (1993); *Cal. Motor Transp. Co. v. Trucking Unltd.*, 404 U.S. 508, 510 (1972).

Deutsche Bank and Marinosci Law failed to cite to a single case from the Eleventh Circuit that extends the *Noerr-Pennington* doctrine to claims brought under the FDCPA. The Court could not find any in its independent research. To support their argument that the *Noerr-Pennington* doctrine applies here, Deutsche Bank and Marinosci Law rely on the Ninth Circuit's decision in *Satre v. Wells Fargo Bank, N.A.*. *Satre v. Wells Fargo Bank, N.A.*, 507 F. App'x 655, 655 (9th Cir. 2013). Their reliance on *Satre*, however, is misplaced. In the case, the attorney representing the defendant in an action to enjoin a foreclosure sale was immune from suit in a later federal FDCA case because he was not a "debt collector." *Id.* ("The district court properly determined that Wechsler is immune from FDCPA liability under the *Noerr-Pennington* doctrine because the Satres's factual allegations in their amended complaint failed to

establish that Wechsler, who was defending his client from litigation initiated by the Satres, was a 'debt collector.'"). *Satre* is inapplicable here because Deutsche Bank and Marinosci Law initiated the foreclosure action and the Amended Complaint sufficiently alleges that they were debt collectors within the meaning of the FDCPA. *See, e.g., Hartman v. Great Seneca Fin. Corp.* 569 F.3d 606, 616 (6th Cir. 2009) ("[T]he FDCPA is intended to burden debt collectors even when they are engaged in litigation."); *Gerber v. Citigroup, Inc.,* No. CIV S-07-0785 WBS, 2009 WL248094, at *4 (E.D. Ca. 2009) (allowing debt collectors immunity under the "*Noerr-Pennington* doctrine would eviscerate the FDCPA."). Deutsche Bank and Marinosci Law provided no applicable law to support their argument that the *Noerr-Pennington* doctrine applies to debt collectors under the FDCPA and the Court denies their prayers for immunity.

### C. Roban's claim is not barred by *res judicata*

Florida law requires satisfaction of the following four conditions for *res judicata* to apply: "1) identity of the thing sued for, 2) identity of the cause of action, 3) identity of the persons and parties to the actions, and 4) identity of the quality or capacity of the person for or against whom the claim is made." *ICC Chem. Corp. v. Freeman*, 640 So. 2d 92, 92 (Fla. 3d DCA 1994). Here, Deutsche Bank and Marinosci Law cannot meet the "identity of the cause of action" element. The foreclosure case was premised on Roban's alleged failure to pay the mortgage. This action is premised on Deutsche Bank and Marinosci Law's actions in connection with filing the lawsuit. Roban's FDCPA claims are separate and distinct from the foreclosure lawsuit; therefore *res judicata* does not apply. *See Azar v. Hayer,* 874 F. Supp. 1314, 1317 (N.D. Fla. 1995), *aff'd*, 66 F.3d 342 (11th Cir. 1995); *Hart v. Clayton-Parker & Assoc's*, 869 F. Supp. 774, 777 (D.C. Ariz. 1994) ("FDCPA claim and the claim on the underlying debt raise different legal and factual issues governed by different bodies of law."). Further, Marinosci Law was not a party to the foreclosure action and was not bound to the decision as if they were. Consequently, it also fails to establish the "identity of parties" element. *Massey v. David*, 831 So. 2d 226, 232 (Fla. 1st DCA 2002).

### D. The FDCPA Claim was not a compulsory counterclaim in the foreclosure action

Finally, Deutsche Bank and Marinosci Law argue that Roban's FDCPA claim is barred because it should have been filed as a compulsory counterclaim in the state court foreclosure action. Marinosci Law and its attorney, Mr. Heffernan, have raised this argument at least four times in the past nine months. Each time the court explicitly rejected it. *See Rotenberg,* 2013 WL 5664886, at *3; *Samson v. Marinosci Law Grp., P.A.,* No. 13-61677-CIV, 2013 WL 5789216, at *2 (S.D. Fla. Oct. 29, 2013) (Dimitrouleas, J.); *Lewis v.*

*Marinosci Law Group, P.C.*, No. 13-cv-6176, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013) (Dimitrouleas, J.); *Hall v. MLG, P.A.*, 981 F. Supp. 2d 1267, 1270-71 (S.D. Fla. 2013) (Ryskamp, J.).  The relevant law remains unchanged, and Marinosci Law cannot claim ignorance.  *See* Fed. R. Civ. P. 11.  This argument fails here for the same reasons it failed before.

A claim is a compulsory counterclaim to a previous lawsuit if it is logically related to a prior action, in that "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Plant v. Blazer Fin. Serv., Inc.,* 598 F.2d 1357, 1361 (5th Cir. 1979); *see also Lewis*, 2013 WL 5789183, at *2 ("The Federal Rules of Civil Procedure . . . dictate whether Plaintiff's claim constitutes a compulsory counterclaim.").  As the Court has already explained, Roban's FDCPA claim is not logically related to the state court foreclosure action. *Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1137 (8th Cir. 1981) ("[T]he suit on debt brought in state court is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts."); *Azar*, 874 F. Supp. at 1317.  Marinosci Law's argument also fails because it was not a party to the underlying foreclosure action, and third-party claims are never compulsory pursuant to Fed. R. Civ. P. 14. *Rotenberg,* 2013 WL 5664886, at *3; *Samson*, 2013 WL 5789216, at *2; *Lewis*, 2013 WL 5789183, at *2.

### 4. Conclusion

For the reasons explained above, the Court denies Deutsche Bank and Marinosci Law's Motions to Dismiss the Amended Complaint (ECF Nos. 25, 26). Deutsche Bank and Marinosci Law must answer the Amended Complaint by **August 8, 2014.**

**Done and ordered** in chambers at Miami, Florida on July 29, 2014.

Robert N. Scola, Jr.
United States District Judge